UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:11-CV-1789-B |
| § | |
| DANNY RAY BARRETT, 37245-177, § | |
| Defendant. § | |

## ORDER REGARDING MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL

( )  The motion for leave to proceed *in forma pauperis* on appeal is GRANTED. 28 U.S.C. § 1915.

( )  The plaintiff is assessed an initial partial appellate filing fee of $ ____. The agency having custody of plaintiff shall collect this amount from the trust fund account or institutional equivalent, when funds are available, and forward it to the clerk of the district court. See 28 U.S.C. § 1915(b)(1).

( )  The plaintiff is not assessed an initial partial appellate filing fee. See 28 U.S.C. § 1915(b)(1).

( )  The plaintiff shall pay $ _____ the balance of the appellate filing fee, in monthly installments as provided in 28 U.S.C. § 1915(b)(2). After payment of the initial partial appellate filing fee, if any, the agency having custody of plaintiff shall deduct 20% of each deposit made to plaintiff's inmate trust account and forward payments to the Court on a regular basis provided the account exceeds $10.00.

The Clerk shall mail a copy of this Order to the inmate accounting office or other person(s) or entity with responsibility for assessing, collecting, and remitting to the court the filing fee payments on behalf of inmates, as designated by the facility in which plaintiff is confined.

(X)  The application to proceed *in forma pauperis* on appeal is DENIED for the following reasons:

(X)  Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), the court certifies that the appeal is not taken in good faith. In support of this finding, the court adopts and incorporates by reference the Court's order entered in this case on August 23, 2012. See Baugh v. Taylor, 117 F.3d 197, 202 n.21 (5th Cir. 1997). The Court finds the appeal presents no legal points of arguable merit and is therefore frivolous.

(X)  Although this court has certified that the appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), the plaintiff may challenge this finding pursuant to Baugh v. Taylor, 117 F.3d 197 (5th Cir. 1997), by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, U.S. Court of Appeals for the Fifth Circuit, within 30 days of this order. The cost to file a motion to proceed on appeal with the Fifth Circuit is calculated below, and if the plaintiff moves to proceed on appeal *in forma pauperis* the prison authorities will be directed to collect the fees as calculated in this order.

(X)  The plaintiff is assessed an initial partial fee of $ 19.48. The agency having custody of the plaintiff shall collect this amount from the trust fund account or institutional equivalent, when funds are available, and forward it to the clerk of the district court. See 28 U.S.C. § 1915(b)(1).

( )  The plaintiff is not assessed an initial partial fee. See 28 U.S.C. § 1915(b)(1).

(X)  Thereafter, the plaintiff shall pay $ 435.52, the balance of the filing fee, in periodic installments. The plaintiff is required to make payments of 20% of the preceding month's income credited to the plaintiff's prison

account until plaintiff has paid the total filing fees of $455.00. The agency having custody of the plaintiff shall collect this amount from the trust fund account or institutional equivalent, when funds are available when permitted by 28 U.S.C. § 1915(b)(2), and forward it to the clerk of the district court.

If the plaintiff moves to proceed on appeal *in forma pauperis*, the clerk shall mail a copy of this order to the inmate accounting office or other person(s) or entity with responsibility for collecting and remitting to the district court interim filing payments on behalf of prisoners, as designated by the facility in which the prisoner is currently or subsequently confined.

SO ORDERED this 6th day of February, 2013.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE